UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PENN AND SANDI ELLETSON,<br><br>Plaintiff(s),<br><br>v.<br><br>CHALMERS AUTOMOTIVE, LLC, et al.,<br><br>Defendant(s). | Case No. 2:17-CV-1107 JCM (VCF)<br><br>ORDER |

Presently before the court is a motion to dismiss filed by defendants Chalmers Automotive, LLC, Albert J. Chalmers, Michael Ferris, and David Green (collectively, as "defendants"). (ECF No. 8). Plaintiffs Penn Elleston and Sandi Elleston (collectively, as "plaintiffs") filed a response (ECF No. 10),[1] to which defendants replied (ECF No. 13).

**I.  Facts**

The instant action involves a contract for the purchase and delivery of a Mercedes-Benz Luxury Sprinter Van, VIN number WD3FE8CC5FP125554 (the "van"), to Nevada. Chalmers Automotive, LLC ("Chalmers Automotive") delivers vehicles to purchasers in different states and advertises its services on its website. (ECF No. 1). Ferris is Chalmers Automotive's national sales manager. (ECF No. 1).

Plaintiffs allege that they paid defendants $97,500.00 to modify and deliver the van into Nevada. (ECF No. 1). Plaintiffs further allege that defendants made false representations to plaintiffs regarding the van, to which defendants did not have title. (ECF No. 1).

---

[1] Pursuant to Local Rule IC 2-2(b), a separate document must be filed on the docket for each purpose. The court cannot consider plaintiffs' requests for leave to amend their complaint and/or for jurisdictional discovery unless they are filed separately, as a motion.

**James C. Mahan**
**U.S. District Judge**

On April 21, 2017, plaintiffs filed the underlying complaint, alleging eight causes of action: (1) fraud against all defendants; (2) consumer fraud against all defendants; (3) conversion against Ferris, Chalmers, and Chalmers Automotive; (4) breach of contract against Chalmers Automotive; (5) unjust enrichment against Chalmers Automotive; (6) detrimental reliance against Chalmers Automotive; (7) piercing the corporate veil against Chalmers Automotive; and (8) civil conspiracy against Chalmers, Green, and Ferris. (ECF No. 1).

In the instant motion, defendants move to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (ECF No. 8).

**II.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss for lack of personal jurisdiction. To avoid dismissal under Rule 12(b)(2), a plaintiff bears the burden of demonstrating that its allegations would establish a prima facie case for personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Allegations in plaintiff's complaint must be taken as true and factual disputes should be construed in the plaintiff's favor. *Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

When no federal statute governs personal jurisdiction, the district court applies the law of the forum state. *Boschetto*, 539 F.3d at 1015; *see also Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Where a state has a "long-arm" statute providing its courts jurisdiction to the fullest extent permitted by the due process clause, as Nevada does, a court need only address federal due process standards. *See Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 134 P.3d 710, 712 (Nev. 2006) (citing Nev. Rev. Stat. § 14.065); *see also Boschetto*, 539 F.3d at 1015.

An assertion of personal jurisdiction must comport with due process. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). To satisfy due process, a court may exercise personal jurisdiction over a defendant only where the defendant has certain minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945).

Two categories of personal jurisdiction exist: (1) general jurisdiction; and (2) specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–15 (1984); *see also LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

General jurisdiction arises where the defendant has continuous and systematic ties with the forum, even if those ties are unrelated to the litigation. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales de Columbia, S.A.*, 466 U.S. at 414–16). "[T]he plaintiff must demonstrate the defendant has sufficient contacts to constitute the kind of continuous and systematic general business contacts that approximate physical presence." *In re W. States Wholesale Nat'l Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (internal quotation marks and citations omitted).

For example, a state court has general jurisdiction over the state's own residents. The United States Supreme Court recently clarified, however, that general jurisdiction exists only where the defendant is at "home" in the forum state. *See Daimler AG v. Bauman*, --- U.S. ----, ----,134 S. Ct. 746, 760–62 (2014).

"The purposeful availment prong of the minimum contacts test requires a qualitative evaluation of the defendant's contact with the forum state, in order to determine whether [the defendant's] conduct and connection with the forum State are such that [the defendant] should reasonably anticipate being haled into court there." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003) (internal quotation marks and citations omitted).

The Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* (citations omitted).

### III. Discussion

As an initial matter, no general jurisdiction exists over defendants in Nevada as they are citizens of Missouri and are not "at home" in Nevada. Plaintiffs are citizens of Nevada; defendants are citizens of Missouri. (ECF No. 1). Accordingly, to withstand dismissal under Rule 12(b)(2), plaintiffs must demonstrate that their allegations establish a prima facie case for specific jurisdiction. *See Boschetto*, 539 F.3d at 1015.

In other words, plaintiffs must satisfy the first two prongs of the test for specific jurisdiction. *See Schwarzenegger*, 374 F.3d at 802. The first prong of the specific jurisdiction test refers to both purposeful direction and purposeful availment. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). "A purposeful direction analysis . . . is most often used in suits sounding in tort." *Schwarzenegger*, 374 F.3d at 802.

Purposeful direction is analyzed under the "*Calder*-effects" test, wherein "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006)); *see also Calder v. Jones*, 465 U.S. 783, 788–89 (1984) (establishing an "effects doctrine" for intentional action aimed at the forum).

Defendants must not only cause harm to a person who they know will feel a "judicially sufficient amount of harm" in the forum state (Nevada), but the intentional activity must also be directed to the forum state itself. *See Yahoo! Inc.*, 433 F.3d at 1207. Activity is not "aimed at" a forum state merely because it is expected that its effects will be felt there, otherwise the third element of the *Calder*-effects test would swallow the second. *See Poor Boy Prods. v. Fogerty*, No. 3:14-CV-00633-RCJ, 2015 WL 5057221, at *3 (D. Nev. Aug. 26, 2015).

In the instant motion, defendants argue that plaintiffs have failed to show that defendants purposefully availed themselves of Nevada or Nevada law. (ECF No. 8 at 4). Citing to *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985), defendants further contend that a contract between a nonresident defendant and a resident plaintiff, alone, is insufficient to establish specific jurisdiction. (ECF No. 8 at 4).

In response, plaintiffs contend that defendants interjected themselves into Nevada by making false representations to plaintiffs while they (plaintiffs) were in Nevada. (ECF No. 10 at 9). Plaintiffs thus maintain that Nevada has specific jurisdiction over defendants. (ECF No. 10).

Plaintiffs have sufficiently alleged that defendants purposefully directed their activities at residents of Nevada. Plaintiffs' complaint alleges that defendants falsely represented that they had legal title to the van, that defendants and plaintiffs entered into a contract—under which plaintiffs would pay defendants $97,915.00 to modify and deliver the van to plaintiffs in Nevada, that plaintiffs paid the agreed upon amount to defendants, and that defendants never delivered the van. (ECF No. 1). Therefore, plaintiffs have sufficiently alleged that defendants committed intentional acts directed at Nevada and Nevada's residents, which caused harm that defendants knew would likely be suffered in Nevada.

The causes of action alleged in plaintiffs' complaint arise from defendants' misrepresentations (*i.e.*, intentional acts), thereby satisfying the second prong of the specific jurisdiction test.

Defendants bear the burden of satisfying the third prong of the specific jurisdiction test. *See Schwarzenegger*, 374 F.3d at 802 ("If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." (quoting *Burger King Corp.*, 471 U.S. at 476–78)). Defendants have failed to meet their burden as their motion fails to address the third prong entirely.

Accordingly, defendants' motion to dismiss (ECF No. 8) will be denied as specific jurisdiction over defendants exists.

. . .

. . .

James C. Mahan
U.S. District Judge

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 8) be, and the same hereby is, DENIED.

DATED July 13, 2017.

                                            /s/ James C. Mahan
                                  UNITED STATES DISTRICT JUDGE