UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

PENN ELLETSON, et al,

        Plaintiffs,

v.

CHALMERS AUTOMOTIVE, LLC, et al.,

        Defendants.

Case No. 2:17-cv-01107-JCM-VCF

**ORDER**

Presently before the court is plaintiffs Penn and Sandi Elletson's (collectively "the Elletsons") motion for summary judgment. (ECF No. 44). Defendants Chalmers Automotive, LLC ("Chalmers Automotive"); Albert Chalmers; Michael Ferris; and David Green (collectively "defendants") did not file a response and the time to do so has passed.

Also before the court is Magistrate Judge Ferenbach's report and recommendation to enter default against Chalmers Automotive and Michael Ferris. (ECF No. 52). Chalmers Automotive and Ferris have not filed an objection and the time to do so has passed.

Also before the court is the Elletsons' request for adjudication of their motion for summary judgment. (ECF No. 57). Defendants did not file a response and the time to do so has passed.

**I.    Facts**

This action arises from a dispute regarding a contract for the purchase and delivery of a custom Mercedes-Benz luxury Sprinter Van, VIN number WD3FE8CC5FP125554 ("the Sprinter Van"). (ECF No. 1).

In early 2017, the Elletsons engaged in communications with Chalmers Automotive and its associates in order to purchase a luxury vehicle. (ECF Nos. 44, 45). Between January 18,

2017, and January 20, 2017, Chalmers Automotive's national sales manager, Ferris, negotiated the sale of the Sprinter Van. *Id*. During these negotiations, Ferris stated that Chalmers Automotive possessed the Sprinter Van and would be able to deliver good title. *Id*. In reliance on these alleged representations, the Elletsons entered into a sales contract with Chalmers Automotive ("the Sprinter agreement") on January 20, 2017. (ECF No. 45-2). The contract provided that Chalmers Automotive would sell and deliver the Sprinter Van in exchange for $97,915.00 and a trade-in vehicle. (ECF Nos. 44, 45, 45-1, 45-2).

The Elletsons immediately began to perform under the Sprinter agreement by wiring $97,915.00 to Chalmers Automotive. *See* (ECF No. 45-2). On January 23, 2017, Ferris, on behalf of Chalmers Automotive, acknowledged receiving the funds. *Id*. However, Chalmers Automotive did not possess the Sprinter Van. (ECF No. 45-3). Instead, a local car dealer owned the Sprinter Van and continued to possess it until at least April 5, 2017. *Id*. To date, the Elletsons have not received the Sprinter Van or a refund. (ECF Nos. 44, 45).

On April 21, 2017, the Elletsons initiated this action, alleging eight causes of action: (1) fraud against all defendants; (2) consumer fraud against all defendants, (3) conversion against Ferris, Chalmers, and Chalmers Automotive; (4) breach of contract against Chalmers Automotive; (5) unjust enrichment against Chalmers Automotive; (6) detrimental reliance against Chalmers Automotive; (7) piercing the corporate veil; (8) civil conspiracy against Chalmers, Green, and Ferris. (ECF No. 1).

Now, the Elletsons move for summary judgment. (ECF No. 44). Further, Magistrate Judge Ferenbach has issued a report and recommendation, recommending that the court enter default against Chalmers Automotive and Ferris. (ECF No. 52).

**II.    Legal Standard**

    *a.    Summary judgment*

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment

2

is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

  b. *Report and recommendation*

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

**III. Discussion**

Before the court are two issues: the Elletsons' motion for summary judgment (ECF No. 44) and Magistrate Judge Ferenbach's report and recommendation (ECF No. 52). Because "[c]ases should be decided upon their merits whenever reasonably possible," court will first

4

address the Elletsons' motion for summary judgment. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

The defendants have not participated in this litigation for approximately eleven (11) months, which has prevented discovery and any meaningful development of this case. Now, the Elletsons move for summary judgment on a sparse and unsubstantial record. Thus, the court hereby considers only the Elletsons' claim for breach of contract as the there is insufficient evidence for the court to adjudicate the merits of the remaining claims.

To prevail on a claim for breach of contract a plaintiff must demonstrate: (1) the existence of a valid contract; (2) that plaintiff performed or was excused from performance; (3) that the defendant breached the contract; and (4) that the plaintiff sustained damages. *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2001); *see also Sierra Dev. Co. v Chartwell Advisory Group, Ltd.*, 223 F. Supp. 3d 1098, 1103 (D. Nev. 2016).

The Sprinter agreement provides that Chalmers Automotive would sell and deliver the Sprinter Van in exchange for $97,915.00 and a trade-in vehicle. The Elletsons substantially performed under the contract when they wired $97,915.00. However, Chalmers Automotive did not deliver the Sprinter Van or refund the Elletsons. Accordingly, the court will grant summary judgment on the Elletsons' claim for breach of contract.

As to Magistrate Judge Ferenbach's report and recommendation, the court will adopt the recommendation and enter default judgment against Chalmers Automotive and Ferris.

Under Federal Rule of Civil Procedure 37, the court has power to render a default judgment as the ultimate sanction for refusal to obey discovery orders. Fed. R. Civ. P. 37(b)(2)(A)(vi); *see also Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 525 (9th Cir. 1997). Default judgment is a drastic remedy that may be used only in "extreme circumstances and only where the violation is due to willfulness, bad faith, or fault of the party." *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (quotes and citation omitted). Willfulness or bad faith may be established by "disobedient conduct not shown to be outside the control of the litigant." *Henry v. Gill Indus.*, Inc., 983 F.2d 943, 948 (9th Cir. 1993).

/ / /

5

On April 6, 2018, the court set an order to show cause hearing to address Chalmers Automotive's failure to retain counsel in accordance with a previous court order. (ECF No. 49). The court warned Chalmers Automotive that failure to comply with the order to show cause could result in sanctions. *Id*. On May 7, 2018, the date of the hearing, Chalmers Automotive did not appear. (ECF No. 53). Similarly, Ferris failed to abide by a discovery order requiring Ferris to answer the Elletsons' discovery by April 27, 2018. (ECF No. 48).

Because Chalmers Automotive and Ferris have not shown that their disobedient conduct was beyond their control, the court finds that Chalmers Automotive and Ferris' failure to comply establishes willfulness. *See Henry*, 983 F.2d at 948–49. Therefore, default judgment may be an appropriate sanction following the consideration of five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quotes and citation omitted).

Here, the public's interest in expeditious resolution of litigation and the court's need to manage its docket weighs in favor of default judgment. *See Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). Further, there exists a great risk of prejudice against the Elletsons because Chalmers Automotive and Ferris' absence has prevented the Elletsons from being able to resolve this litigation on the merits. *See Robinson v. City of Hamilton*, 28 F.3d 108 (9th Cir. 1994). The public policy favoring disposition of cases on their merits disfavors default judgment. *See Wanderer*, 910 F.2d at 656. Lastly, the court has already applied a lesser sanction when it warned Chalmers Automotive and Ferris that failure to comply could result in sanctions. *See Connecticut General*, 482 .3d at 1096. Therefore, default judgment is appropriate.

As the remaining defendants have not appeared in this litigation, the court will afford the Elletsons twenty-one (21) days to initiate the protocol for default judgment pursuant to Federal Rule of Civil Procedure 55 or to show cause as to why the court should not dismiss the remaining claims and close the case. Failure to comply with this order will result in dismissal

pursuant to Federal Rule of Civil Procedure 41(a)(2)(b).

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Elletsons' motion for summary judgment (ECF No. 44) be, and the same hereby is, GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Magistrate Judge Ferenbach's report and recommendation (ECF No. 52) be, and the same hereby is, ADOPTED.

IT IS FURTHER ORDERED that the Elletsons' request for adjudication (ECF No. 57) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the Elletsons shall have twenty-one (21) days to initiate the protocol for default judgment or to show cause as to why the court should not dismiss the remaining claims and close the case.

DATED THIS 26th day of October 2018.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE