UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PENN AND SANDI ELLETSON, | Case No. 2:17-CV-1107 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| CHALMERS AUTOMOTIVE, LLC, et al., | |
| Defendant(s). | |

Presently before the court is plaintiffs Penn and Sandi Elletson's (collectively "the Elletsons") motion for default judgment. (ECF No. 60). Defendants Albert Chalmers and David Green (collectively "defendants") did not file a response and the time to do so has passed.

Also before the court is the Elletsons' motion for entry of clerk's default. (ECF No. 61).

**I.  Facts**

This action arises from a dispute regarding a contract for the purchase and delivery of a custom Mercedes-Benz luxury Sprinter Van, VIN number WD3FE8CC5FP125554 ("the Sprinter Van"). (ECF No. 1).

In early 2017, the Elletsons engaged in communications with Chalmers Automotive, LLC ("Chalmers Automotive") and its associates in order to purchase a luxury vehicle. (ECF Nos. 44, 45). Between January 18, 2017, and January 20, 2017, Chalmers Automotive's national sales manager, Ferris, negotiated the sale of the Sprinter Van. *Id*. During these negotiations, Michael Ferris stated that Chalmers Automotive possessed the Sprinter Van and would be able to deliver good title. *Id*. In reliance on these alleged representations, the Elletsons entered into a sales contract with Chalmers Automotive ("the Sprinter agreement") on January 20, 2017. (ECF No.

James C. Mahan
U.S. District Judge

45-2). The contract provided that Chalmers Automotive would sell and deliver the Sprinter Van in exchange for $97,915.00 and a trade-in vehicle. (ECF Nos. 44, 45, 45-1, 45-2).

The Elletsons immediately began to perform under the Sprinter agreement by wiring $97,915.00 to Chalmers Automotive. *See* (ECF No. 45-2). On January 23, 2017, Ferris, on behalf of Chalmers Automotive, acknowledged receiving the funds. *Id*. However, Chalmers Automotive did not possess the Sprinter Van. (ECF No. 45-3). Instead, a local car dealer owned the Sprinter Van and continued to possess it until at least April 5, 2017. *Id*. To date, the Elletsons have not received the Sprinter Van or a refund. (ECF Nos. 44, 45).

On April 21, 2017, the Elletsons initiated this action, alleging eight causes of action: (1) fraud against all defendants; (2) consumer fraud against all defendants; (3) conversion against Ferris, Chalmers, and Chalmers Automotive; (4) breach of contract against Chalmers Automotive; (5) unjust enrichment against Chalmers Automotive; (6) detrimental reliance against Chalmers Automotive; (7) piercing the corporate veil; (8) civil conspiracy against Chalmers, Green, and Ferris. (ECF No. 1).

On October 26, 2018, the court granted in part the Elletsons' motion for summary judgment and entered default judgment against defendants Chalmers Automotive and Ferris. (ECF No. 59). Now the Elletsons move for clerk's entry of clerk's default against Green and default judgment against Chalmers. (ECF Nos. 60, 61).

**II. Discussion**

Before the court are two motions. First, the court will grant the Elletsons' motion for clerk's entry of default as to Green because Green has failed to respond to the Elletsons' complaint. Second the court will enter default judgment against Chalmers for his failure to comply with a discovery order.

*a. Clerk's entry of default as to Green*

Federal Rule of Civil Procedure 55(a) authorizes the clerk to enter default where a party "has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed R. Civ. P. 55(a).

A defendant must serve an answer within twenty-one days after being served with the summons and complaint, unless another time is specified by the rule or by federal statute, or defendant has timely waived service. Fed. R. Civ. P. 12(a)(1)(A). However, if a defendant files a Rule 12 motion and "the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A).

The Elletsons served Green with a copy of the summons and complaint on October 28, 2017. (ECF No. 137). Over twenty-seven months have passed and Green has yet to file an answer in compliance with Federal Rule of Civil Procedure 12. Accordingly, the court will direct the clerk to enter default.

   *b. Default judgment as to Chalmers*

Under Federal Rule of Civil Procedure 37, the court has power to render a default judgment as the ultimate sanction for refusal to obey discovery orders. Fed. R. Civ. P. 37(b)(2)(A)(vi); *see also Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 525 (9th Cir. 1997). Default judgment is a drastic remedy that may be used only in "extreme circumstances and only where the violation is due to willfulness, bad faith, or fault of the party." *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (quotes and citation omitted). Willfulness or bad faith may be established by "disobedient conduct not shown to be outside the control of the litigant." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

Here, Chalmers failed to abide by a discovery order requiring Chalmers to answer the Elletsons' discovery by April 27, 2018. (ECF No. 48). Because Chalmers has not shown that his disobedient conduct was beyond his control, the court finds that Chalmers failure to comply establishes willfulness. *See Henry*, 983 F.2d at 948–49.

Thus, default judgment may be an appropriate sanction following the consideration of five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

**James C. Mahan**
**U.S. District Judge**

*Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quotes and citation omitted).

The public's interest in expeditious resolution of litigation and the court's need to manage its docket weighs in favor of default judgment. *See Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). Further, there exists a great risk of prejudice against the Elletsons because Chalmers' absence has prevented the Elletsons from being able to resolve this litigation on the merits. *See Robinson v. City of Hamilton*, 28 F.3d 108 (9th Cir. 1994). The court recognizes that the public policy of favoring disposition of cases on their merits disfavors default judgment. *See Wanderer*, 910 F.2d at 656. However, the court has already applied a lesser sanction by ordering Chalmers to answer the Elletsons' discovery. (ECF No. 48); *see Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788–89 (9th Cir. 2011). Therefore, default judgment is appropriate.

### III. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Elletsons' motion for clerk's entry of default as to David Green (ECF No. 61) be, and the same hereby is, GRANTED.

The clerk shall enter default as to defendant David Green pursuant to Federal Rule of Civil Procedure 55(a).

IT IS FURTHER ORDERED that the Elletsons' motion for default judgment as to Albert Chalmers (ECF No. 62) be, and the same hereby is, GRANTED.

DATED February 5, 2019.

_____
UNITED STATES DISTRICT JUDGE