James C. Mahan
U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PENN AND SANDI ELLETSON, | Case No. 2:17-CV-1107 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| CHALMERS AUTOMOTIVE, LLC, et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Elletson et al. v. Chalmers Automotive, LLC et al.*, case number 2:17-cv-01107-JCM-VCF. Plaintiffs Penn and Sandi Elletson (collectively "Elletsons") have submitted a proposed default judgment (ECF No. 67) in light of the court's October 26, 2018, February 5, 2019, and March 14, 2019 orders ("default judgment orders") entering default judgment against defendants Chalmers Automotive, LLC ("Chalmers Automotive"); Albert Chalmers; Michael Ferris; and David Green (collectively "defendants") (ECF Nos. 59, 64, 66).

## I. Background

This action arises from a dispute regarding a contract for the purchase and delivery of a custom Mercedes-Benz luxury Sprinter Van, VIN number WD3FE8CC5FP125554 ("Sprinter Van"). (ECF No. 1).

In early 2017, the Elletsons engaged in communications with Chalmers Automotive and its associates in order to purchase a luxury vehicle. (ECF Nos. 44, 45). Between January 18, 2017, and January 20, 2017, Chalmers Automotive's national sales manager, Ferris, negotiated the sale of the Sprinter Van. *Id*. During these negotiations, Michael Ferris stated that Chalmers Automotive possessed the Sprinter Van and would be able to deliver good title. *Id*. In reliance on

these alleged representations, the Elletsons entered into a sales contract with Chalmers Automotive ("the Sprinter agreement") on January 20, 2017. (ECF No. 45-2). The contract provided that Chalmers Automotive would sell and deliver the Sprinter Van in exchange for $97,915.00 and a trade-in vehicle. (ECF Nos. 44, 45, 45-1, 45-2).

The Elletsons immediately began to perform under the Sprinter agreement by wiring $97,915.00 to Chalmers Automotive. (*See* ECF No. 45-2). On January 23, 2017, Ferris, on behalf of Chalmers Automotive, acknowledged receiving the funds. *Id.* However, Chalmers Automotive did not possess the Sprinter Van. (ECF No. 45-3). Instead, a local car dealer owned the Sprinter Van and continued to possess it until at least April 5, 2017. *Id.* To date, the Elletsons have not received the Sprinter Van or a refund. (ECF Nos. 44, 45).

On April 21, 2017, the Elletsons initiated this action, alleging eight causes of action: (1) fraud against all defendants; (2) consumer fraud against all defendants; (3) conversion against Ferris, Chalmers, and Chalmers Automotive; (4) breach of contract against Chalmers Automotive; (5) unjust enrichment against Chalmers Automotive; (6) detrimental reliance against Chalmers Automotive; (7) piercing the corporate veil; (8) civil conspiracy against Chalmers, Green, and Ferris. (ECF No. 1).

On October 26, 2018, the court granted in part the Elletsons' motion for summary judgment and entered default judgment against defendants Chalmers Automotive and Ferris. (ECF No. 59). On February 5, 2019, the court entered default judgment against Chalmers. (ECF No. 64). On March 14, 2019, the court entered default judgment against Green. (ECF No. 66).

Now, the Elletsons have submitted a proposed default judgment that: (1) enters default judgment in favor of the Elletsons and against all defendants, jointly and severally, in the amount of $399,603.15; (2) orders interest to accrue on the judgment from the date of entry until paid in full; and (3) finds that Chalmers Automotive is an alter ego of Chalmers, such that the corporate veil of Chalmers Automotive is pierced and Chalmers is personally liable for Chalmers Automotive's liability in this action. (ECF No. 67).

. . .

. . .

**II. Discussion**

In the default judgment orders, the court entered default judgment in favor of the Elletsons, but did not address whether and in what amount the court may award damages and costs, and whether the Elletsons may pierce the corporate veil to hold Chalmers personally liable for Chalmers Automotive's liability in this action. The court now finds it appropriate to address these issues.

*a. Damages and costs*

The Elletsons request compensatory damages in the amount of $97,915.00, punitive damages in the amount of $300,000.00, and costs in the amount of $1,688.15, for a total award of $399,603.15. (ECF No. 62).

A plaintiff must prove the amount of damages to be awarded through default judgment. *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing. Fed. R. Civ. P. 55(b)(2).

The Elletsons request $97,915.00 in compensatory damages for the contract funds they paid to Chalmers Automotive in exchange for the Sprinter Van. (ECF Nos. 1, 62). The Elletsons have presented evidence as to the terms of the Sprinter Van contract (ECF No. 62-3) and Ferris and Chalmers Automotive's receipt of the contract funds (ECF No. 62-4). The Elletsons have also presented evidence that they never took possession of the Sprinter Van, and that their attorneys sent Chalmers Automotive a formal demand letter for the return of the contract funds, to which they received no response. (ECF No. 62-2). Accordingly, the evidence establishes compensatory damages for the purchase price of the Sprinter Van in the amount of $97,915.00. This amount does not exceed the damages requested in the complaint. (*See* ECF No. 1 ("Wherefore, Penn and Sandi Elletson pray … for compensatory, incidental and consequential damages in excess of $97,915.00.")).

The Elletsons also request punitive damages in the amount of $300,000. (ECF No. 62). However, the Elletsons did not demand punitive damages in their complaint. Accordingly, the

court declines to award punitive damages here because such damages are different in kind, and in excess of, the damages requested in the complaint. *See* Fed. R. Civ. Pro. 54(c).

In addition, the Elletsons request costs in the amount of $1,688.15. (ECF No. 62). Pursuant to NRS 18.020, "[c]osts must be allowed of course to the prevailing party against any adverse party against whom judgment is rendered … [i]n an action for the recovery of money or damages, where the plaintiff seeks to recover more than $2,500." NRS 18.020(3). The Elletsons initiated this action to recover the $97,915.00 they paid for the Sprinter Van. They have submitted a bill of costs and a declaration from their counsel affirming those costs. (ECF No. 62-6, 62-7). Accordingly, the court will award $1,688.15 in costs.

*b. Piercing the corporate veil*

The Elletsons also seek to pierce the corporate veil of Chalmers Automotive to hold Chalmers personally liable for Chalmers Automotive's liability in this action. (ECF No. 62).

In their complaint, the Elletsons contend that Chalmers is the owner and chief executive of Chalmers Automotive and that Chalmers Automotive "was and is a mere sham and shell organized and operated as the alter ego of defendant [Chalmers] for his benefit and advantage …." (ECF No. 1). The Elletsons further argue that Chalmers "owns all of the membership interest of Chalmers Automotive," "is the only manager and member of Chalmers Automotive," and "exercised total dominion and control over Chalmers Automotive." *Id*.

Here, Nevada law governs this court's alter-ego analysis. *See Towe Antique Ford Found. v. I.R.S.*, 999 F.2d 1387, 1391 (9th Cir. 1993) (citing *Wolfe v. United States,* 806 F.2d 1410, 1411 n.3 (9th Cir.1986), *cert. denied,* 482 U.S. 927 (1987)) ("[The court] appl[ies] the law of the forum state in determining whether a corporation is an alter ego of the taxpayer."). Under Nevada law, "the 'essence' of the alter ego doctrine is to 'do justice' whenever it appears that the protections provided by the corporate form are being abused." *LFC Mktg. Grp., Inc. v. Loomis*, 8 P.3d 841, 845–46 (Nev. 2000) (citing *Polaris Industrial Corp. v. Kaplan*, 747 P.2d 884, 888 (Nev. 1987)). The court considers three "general requirements" when deciding whether to apply the alter ego doctrine:

> (1) the corporation must be influenced and governed by the person asserted to be the alter ego; (2) there must be such unity

> of interest and ownership that one is inseparable from the other; and (3) the facts must be such that adherence to the corporate fiction of a separate entity would, under the circumstances, sanction fraud or promote injustice.

*Polaris Indus. Corp.*, 747 P.2d at 886 (citing *McCleary Cattle Co. v. Sewell,* 317 P.2d 957, 959 (Nev. 1957)); *see also* NRS § 78.747.

Because "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true," the court finds that the allegations in the complaint are sufficient to warrant piercing the corporate veil here. *Geddes v. United Fin'l Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Chalmers Automotive was governed by Chalmers, and he held all of the membership interest in the company. To allow Chalmers to escape liability for Chalmers Automotive's conduct would be to sanction his use of the company in furtherance of the fraud.

Accordingly, Chalmers may be viewed as the same as Chalmers Automotive for the purposes of liability in this action.

**III.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that default judgment is entered in favor of the Elletsons and against the defendants, jointly and severally, in the amount of $99,603.15.[1] Interest shall accrue on the judgment from its date of entry until paid in full, pursuant to 28 U.S.C. § 1961.[2] The Elletsons may pierce the corporate veil of Chalmers Automotive and hold Chalmers personally liable for the liability of Chalmers Automotive in this action.

. . .

. . .

. . .

---

[1] This figure represents the $97,915.00 awarded in compensatory damages and the $1,688.15 awarded in costs. *See supra* section II.a.

[2] Federal law controls the award of post-judgment interest, even in a diversity case. *See Northrop Corp. v. Triad Int'l Mktg., S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988).

1     IT IS FURTHER ORDERED that within fourteen (14) days of the date of this order, the Elletsons shall submit a proposed judgment consistent with the foregoing.

DATED January 23, 2020.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 6 -