UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PENN AND SANDI ELLETSON, | Case No. 2:17-CV-1107 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| CHALMERS AUTOMOTIVE, LLC, et al., | |
| Defendant(s). | |

Presently before the court is plaintiffs Penn and Sandi Elletson's ("the Elletsons") motion to amend/correct. (ECF No. 69). None of the defendants responded, and the time to do so has passed.

This action arises from a dispute regarding defendants' fraud arising from the sale and customization of a Mercedez-Benz luxury Sprinter Van. (ECF No. 1). In sum, the Elletsons paid $97,915 to defendant Chalmers Automotive to purchase and customize the sprinter van. *Id.* Unbeknownst to the Elletsons, Chalmers Automotive did not have title to the van and did not work to customize the van. *Id.* When Chalmers Automotive ultimately did not deliver the van, the Elletsons brought the instant suit. *Id.*

On October 26, 2018, the court granted in part the Elletsons' motion for summary judgment and entered default judgment against defendants Chalmers Automotive and Ferris. (ECF No. 59). On February 5, 2019, clerk's default was entered against defendant Green (ECF No. 65), and the court granted default judgment as to defendant Albert Chalmers (ECF No. 64).

On January 23, 2020, the court entered default judgment in favor of the Elletsons and defendants, jointly and severally, in the amount of $99,603.15. (ECF No. 68). The Elletsons now move to correct the judgment. (ECF No. 69).

**James C. Mahan**
**U.S. District Judge**

1   Federal Rule of Civil Procedure 60(a) provides as follows:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a).

The court declined to award punitive damages, finding that "the Elletsons did not demand punitive damages in their complaint." (ECF No. 68 at 3). The Elletsons note that they requested punitive damages in their complaint as follows: "The aforementioned fraudulent acts of Defendants were willful, wanton, malicious, and oppressive and were undertaken with an intent to injure Plaintiff and justify the award of exemplary and punitive damages in addition to a return of the Elletsons' $97,915.00." (ECF No. 68 at 3 (quoting ECF No. 1 at 9, 11, 16)).

The court admittedly relied only on the complaint's prayer for relief when it determined that the Elletsons did not request punitive damages. (*See* ECF No. 1 at 16–18). Thus, the overlooked the prayer for punitive damages that was elsewhere in the initial complaint, and it declined to award punitive damages to the Elletsons accordingly. This error notwithstanding, the court must determine whether punitive damages are appropriate in this case and, if they are, in what amount before it grants the Elletsons' motion to amend/correct. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (holding that an award of punitive damages is left to the district court's discretion); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, **except those relating to the amount of damages**, will be taken as true." (emphasis added)).

Under Nevada law, "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied, the plaintiff, in addition to the compensatory damages, may recover damages for the sake of example and by way of punishing the defendant." Nev. Rev. Stat. § 42.005. The court takes the well-pleaded facts in the complaint as true, *Geddes*, 559 F.2d at 560, which includes a myriad of allegations supporting the Elletsons' fraud claims, (*see generally* ECF No. 1). Thus, the court finds that clear and convincing evidence

**James C. Mahan**
**U.S. District Judge**

support a finding that defendant has bene guilty of fraud.  An award of punitive damages is appropriate.

Nevada law caps the award of punitive damages at $300,000 when, as here, the amount of compensatory damages awarded is less than $100,000.  Nev. Rev. Stat. § 42.005(1)(b).  The Elletsons seek the statutory maximum of $300,000.  (ECF Nos. 62; 67; 69).  In support of this request, the Elletsons note the defendants' deliberate fraudulent conduct.  Indeed, defendants sold the sprinter van to the Elletsons while representing that they had good title to the vehicle.  They did not, and that knew they did not.  Defendants accepted payment, performed no work, made ongoing representations to assuage the Elletsons, and then refused to return the $97,915 payment.

The Elletsons also provide complaints in other cases that show defendants' "pattern and practice of selling sprinter vans that they do not possess and failing to return the deposits." (ECF No. 62 at 6 (citing (ECF Nos. 44-5; 44-6; 44-7; 44-8; 44-9; 44-10; 44-11)).  Defendants have engaged in similar conduct and were sued in Jackson County, Missouri (ECF No. 44-5); the Eastern District of Michigan (ECF No. 44-7); the Western District of Missouri (ECF No. 44-11); and four times in Clay County, Missouri (ECF Nos. 44-6; 44-8; 44-9; 44-10).

There is clear and convincing evidence that defendants are guilty of fraud in this case and have repeatedly engaged in a pattern of fraudulent conduct.  Accordingly, the court finds that an award of $300,000—the maximum penalty authorized by N.R.S. 42.005 in this case—is appropriate as a punishment for defendants' wrongful conduct and, hopefully, as a deterrent from future fraud.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Elletsons' motion to correct (ECF No. 68) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the court's prior order (ECF No. 68) be, and the same hereby is, CORRECTED to award the Elletsons $300,000 in punitive damages against the defendants jointly and severally.

IT IS FURTHER ORDERED that interest shall accrue on the judgment from the date of entry until paid in full, pursuant to 28 U.S.C. § 1961.

**James C. Mahan**
**U.S. District Judge**

- 3 -

IT IS FURTHER ORDERED that the Elletsons may pierce the corporate veil of Chalmers Automotive—which the court finds is an alter ego and/or shell corporation for the benefit of Albert Chalmers—and hold Chalmers personally liable for the liability of Chalmers Automotive in this action.

The clerk is instructed to enter judgment in favor of the Elletsons and against the defendants, jointly and severally, in the total amount of $399,603.15, consistent with the foregoing.

DATED May 22, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -